UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| THE MINESEN COMPANY,<br><br>          Debtor/Appellant/<br>          Cross-Appellee,<br><br>     vs.<br><br>ARMY MORALE, WELFARE, AND<br>RECREATION FUND,<br><br>          Creditor/Appellee/<br>          Cross-Appellant,<br><br>     and<br><br>PANGOLIN LLC,<br><br>          Creditor/Party-in-<br>          Interest/Appellee/<br>          Cross-Appellant. | CIV. NO. 21-00478 LEK-WRP |

**ORDER DISMISSING APPEALS FROM THE BANKRUPTCY COURT'S MEMORANDUM OF DECISION REGARDING ASSUMPTION EXECUTORY CONTRACTS AND LEASES**

On November 17, 2021, the bankruptcy court issued its Memorandum of Decision Regarding Assumption of Executory Contracts and Leases ("11/17/21 Decision") in In re the Minesen Company, Case No. 19-00849 ("BK 19-849" or "the Bankruptcy Case"). [BK 19-849, 11/17/21 Decision, filed 11/17/21 (dkt. no. 505).[1]] The bankruptcy court issued the 11/17/21 Decision

---

[1] The 11/17/21 Decision is also available as Appendix 1 in Debtor-Appellant the Minesen Company's Appendix (Excerpts of Records) to Opening Brief (Appendices "1" - "51") ("Minesen Appendix"). [Minesen Appendix 1, filed 2/7/22 (dkt. no. 12-1).]

after an evidentiary hearing held on June 2, 3, and 7, 2021, July 28 and 29, 2021, and August 2, 4, 12, 18, and 19, 2021. [Minesen App'x 1 (11/17/21 Decision) at PageID.258.]

On December 2, 2021, the bankruptcy court transmitted Debtor-Appellant The Minesen Company's ("Minesen") notice of appeal of the 11/17/21 Decision ("Appeal"). [Notice of Transmittal to District Court, filed 12/2/21 (dkt. no. 1) ("Minesen Transmittal Notice").] On December 15, 2021, the bankruptcy court transmitted: Creditor-Appellee/Cross-Appellant Army Morale, Welfare, and Recreation Fund's ("MWR") notice of cross-appeal of the 11/17/21 Decision ("MWR Cross-Appeal"); and Creditor/Party-in-Interest/Cross-Appellant Pangolin LLC's ("Pangolin") notice of cross-appeal of the 11/17/21 Decision ("Pangolin Cross-Appeal"). [Transmittal of Documents for Pending Appeal, filed 12/15/21 (dkt. no. 5) ("MWR Transmittal Notice"); Transmittal of Documents for Pending Appeal, filed 12/15/21 (dkt. no. 6) ("Pangolin Transmittal Notice").]

Minesen filed its Opening Brief on February 7, 2022 ("Minesen Brief"). [Dkt. no. 11.] Pangolin filed its Combined Responsive Brief in the Appeal and Opening Brief in Cross-Appeal ("Pangolin Brief") on March 7, 2022, and MWR filed the Creditor-Appellee's Responsive/Cross-Appellant's Opening Brief ("MWR Brief") on March 21, 2022. [Dkt. nos. 20, 21.] Minesen filed its Combined Reply Brief and Answering Brief on May 5, 2022

2

("Minesen Response Brief"), and Pangolin filed a joinder in the Minesen Response Brief on May 9, 2022.  [Dkt. nos. 24, 25.]  On May 19, 2022, MWR filed the Creditor Appellee's Responsive/Cross-Appellant's Reply Brief ("MWR Response Brief"). [Dkt. no. 26.]

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  For the reasons set forth below, Minesen's Appeal, the MWR Cross-Appeal, and the Pangolin Cross-Appeal are dismissed for lack of appellate jurisdiction.

<u>**BACKGROUND**</u>

The Bankruptcy Case is the Chapter 11 proceeding initiated by Minesen on July 4, 2019.  See Minesen Transmittal Notice, dkt. no. 1-3 (docket sheet for BK 19-849); see also BK 19-849, Voluntary Petition for Non-Individuals Filing for Bankruptcy, filed 7/4/19 (dkt. no. 1).

At the time of the 11/17/21 Decision, Minesen was operating the Inn at Schofield Barracks ("the Inn"), which is a hotel located on the United States Army's ("the Army") Schofield Barracks installation.  See Minesen App'x 1 (11/17/21 Decision) at PageID.258.  In connection with its operation of the Inn, Minesen entered into the following agreements:

3

1. Contract No. NAFBA3-93-C-001 between Minesen and US Army Morale, Welfare and Recreation Fund, a Non-Appropriated Fund Instrumentality, dated January 14, 1993 (the "MWR Contract");

2. Amendment/Modification No. P00018 to the MWR Contract, dated April 18, 2017 (the "MWR Contract Modification");

3. Lease No. DACA84-1-91-14 between the United States of America through the Secretary of the Army, as lessor, and Minesen, as lessee, dated February 1, 1993 (the "Lease");

4. Lease No. DACA84-1-17-121, between the Secretary of the Army, as lessor, and Minesen, as lessee (the "Picnic Area Lease"); and

5. Memorandum of Agreement between the 25th Infantry Division (Light)/US Army Garrison Hawaii; US Army Community and Family Support Center; and Minesen, effective May 11, 1994 (the "Operating Agreement").

[Id. at PageID.257 (emphases and citations omitted).]  These

agreements will be referred to collectively as "the Contracts."

Minesen is both the debtor and the debtor-in-possession and, as

the debtor-in-possession, Minesen filed a motion to assume the

Contracts, pursuant to 11 U.S.C. § 365.[2]  See Minesen App'x 1

---

[2] Section 365(d)(2) states:

In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the
(. . . continued)

(11/17/21 Decision) at PageID.256 & n.1; <u>see also</u> BK 19-849,

Minesen's Motion for Order Authorizing Assumption of Executory

Contracts and Leases, filed 10/21/19 (dkt. no. 100) ("Assumption

Motion").  Section 365(b)(1) contains certain requirements that

must be met prior to the assumption of a debtor's executory

contract or unexpired lease that has been in default.  Further,

§ 365(c)(1) sets forth certain circumstances under which a

debtor's executory contract or unexpired lease cannot be

assumed.  Under § 365, MWR had the burden to establish any

material defaults in the Contracts and that proper notice of the

defaults was given.  If MWR carried its burden, the burden

shifted to Minesen to establish that: it either had already

cured the defaults or would cure the defaults promptly; and

there was adequate assurance of Minesen's future performance.

<u>See</u> Minesen App'x 1 (11/17/21 Decision) at PageID.259-63

(summarizing the applicable legal standards).

        The bankruptcy court found that Minesen was in default

under the Contracts because of the following material breaches:

failing to pay its electric bills, leaving an outstanding amount

---

            trustee to determine within a specified period of
            time whether to assume or reject such contract or
            lease.

Under 11 U.S.C. § 1107(a), a debtor-in-possession has the power
of a trustee for purposes of § 365.  <u>See</u> Minesen App'x 1
(11/17/21 Decision) at PageID.260.

of $561,538.89 through June 2021; [id. at PageID.277;] selling distilled spirits at the Inn; [id. at PageID.279;] selling beer and wine, without a liquor license, at the Inn; [id. at PageID.282;] failing to obtain MWR's consent before entering into a subrogation transaction with Pangolin[3] that the bankruptcy court found constituted a refinancing of Minesen's loan from First Hawaiian Bank ("FHB"), which was a loan that MWR had previously consented to; [id. at PageID.288-89;] failing to make required deposits in its replacement reserve account ("RRA");[4] [id. at PageID.289-90;] and charging guests $1,097,438.95 more than the approved room rates, in addition to charging guests "$9,027 in excess of the maximum lodging portion of the transient lodging allowance," [id. at PageID.294].  However, the bankruptcy court found that, even after curing these defaults, Minesen was "likely [to] generate substantial . . . profits from operating the Inn during the remaining term of the MWR Contract."  [Id. at PageID.297-98.}  Thus, the bankruptcy court found that Minesen's proposed assumption of the Contracts was a

---

[3] At the time of the 11/17/21 Decision, Pangolin managed the Inn, pursuant to a contract with Minesen.  See Minesen App'x 1 (11/17/21 Decision) at PageID.284.  "Pangolin is wholly owned by Max Jensen, who also owns 95% of Minesen's stock."  [Id.]

[4] The bankruptcy court did not make any findings as to the specific amount of the total shortfall in the RRA account because MWR only timely submitted evidence of one year - 2018, when the shortfall was $397,564.52.  See Minesen App'x 1 (11/17/21 Decision) at PageID.292.

reasonable exercise of business judgment and was in the
bankruptcy estate's best interest.  [Id. at PageID.297.]

        As part of the business judgment analysis, the
bankruptcy court ruled that the Inn is not "government quarters"
under the current Joint Travel Regulations ("JTR").  [Id. at
PageID.297-306.]  Thus, an official military traveler was no
longer required to obtain a statement of nonavailability ("SNA")
from the Inn in order to obtain full reimbursement for a stay at
another accommodation.  See id. at PageID.299-300 (describing
the practice under the prior version of the Joint Federal Travel
Regulations, and describing the legal challenge to the 1997
change to the regulation).

        The bankruptcy court ruled that Minesen was required
to:

-immediately pay its outstanding electricity bills;

-immediately cease all sales of alcoholic beverages, unless
    Minesen received the permissions required under the
    Contracts and either a liquor license from the Honolulu
    Liquor Commission or a written statement by the commission
    that it does not require a license;

-provide all reports, or objections to the requirement of
    specific reports, within twenty-eight days after MWR
    provided Minesen with a list of all outstanding or
    noncompliant reports;

-within twenty-eight days after MWR provided Minesen with a
    statement of all funds that MWR asserts Minesen is required
    to deposit to the RRA, deposit any portion of the claimed
    amount that is undisputed and file a statement identifying
    any portion of the amount that is disputed; and

-immediately pay to MWR the $1,097,438.95 in room overcharges and take reasonable steps to refund to guests charges that exceeded the maximum lodging portion of the transient lodging allowance.

[Id. at PageID.307-10.]   In addition, Pangolin was required to "immediately release (or convert to equity) all claims against Minesen arising out of its repayment of the First Hawaiian Bank loan." [Id. at PageID.308-09.]   These will be referred to collectively as "the Required Cures."

The bankruptcy court found that Minesen was financially able to perform under the Contracts and, if Minesen made the cure payments required in the 11/17/21 Decision, it would constitute adequate assurance of Minesen's future performance. [Id. at PageID.310-11.]   Minesen's Assumption Motion was granted, conditioned upon the completion of the Required Cures, and the bankruptcy court set a January 24, 2022 hearing regarding the status of cures. [Id. at PageID.311-12.]

I. **Minesen's Appeal**

Minesen argues: it was not required to deposit four percent of its annual revenues in the RRA because it spent more than that amount each year on the type of work on the Inn that the RRA was intended to pay for; MWR should have been barred from asserting defaults for which it did not give Minesen pre-petition notice; the bankruptcy court erred in ruling that Minesen's sale of alcoholic beverages without a liquor license

8

constitutes a default; the bankruptcy court erred in concluding that an official military traveler does not need a SNA from the Inn to obtain maximum reimbursement at another hotel; the bankruptcy court erred in concluding that the Inn is not "government quarters" under the current JTR; the bankruptcy court erred when it made Pangolin's release or conversion to equity of its claims against Minesen related to the FHB loan one of the Required Cures; the bankruptcy court erred when it ordered Minesen to pay the $1,097,438.95 in room overcharges to MWR; and the bankruptcy court should not have allowed MWR to submit post-decision evidence about the purported under-funding of the RRA because MWR failed to produce timely evidence prior to the evidentiary hearing.

## II.   **Pangolin Appeal**

Pangolin argues its repayment of Minesen's FBH loan and the resulting subrogation agreement between Minesen and Pangolin did not constitute a refinancing under the MWR Contract.  Further, even if there was a refinancing without MWR's consent, the bankruptcy court erred in ruling that the necessary cure was for Pangolin to release or convert to equity its claims against Minesen arising from Pangolin's repayment of Minesen's FHB loan.

### III.  **MWR Appeal**

MWR argues that, under § 365(c)(1), Minesen could not assume the Contracts because MWR did not waive the rights under the Anti-Assignment Act of 41 U.S.C. § 6305.[5]  Further, the bankruptcy court erred in concluding that Minesen's assumption of the Contracts was proper because MWR argues Minesen cannot cure its non-monetary defaults and Minesen cannot provide adequate assurance of its future performance of its obligations under the Contracts.

### IV.  **Further Proceedings in BK 19-849**

While the appeals in the instant case were pending, MWR informally suggested that the oral argument on the appeals before this Court be delayed until the bankruptcy court resolved two pending matters.  See Minute Order - EO: Court Order Vacating the Oral Argument Scheduled for October 7, 2022 and Directing the Parties to File Position Statements Regarding the

---

[5] Section 6305(a) states:

> The party to whom the Federal Government gives a contract or order may not transfer the contract or order, or any interest in the contract or order, to another party. A purported transfer in violation of this subsection annuls the contract or order so far as the Federal Government is concerned, except that all rights of action for breach of contract are reserved to the Federal Government.

Effect of the Matters Taken Under Advisement by the Bankruptcy Court on September 12, 2022, filed 9/26/22 (dkt. no. 29), at PageID.3624.

The first matter was MWR's motion seeking the appointment of a trustee over Minesen's bankruptcy estate, filed on June 23, 2022. [BK 19-849, Motion to Appoint Chapter 11 Trustee, filed 6/23/22 (dkt. no. 640) ("Appointment Motion").] MWR argues the Appointment Motion was necessary because Minesen failed to complete the Required Cures and Minesen also committed other defaults. [MWR's Position Statement Pursuant to Court's Order [Doc. No. 29], filed 10/6/22 (dkt. no. 30) ("MWR Statement"), at 4-5.] Minesen asserts that, although it believes there are errors in the 11/17/21 Decision, it has taken steps to comply with some aspects of the decision. [Minesen's Position Statement in Response to Court's Minute Order, filed 10/11/22 (dkt. no. 31) ("Minesen Statement"),[6] at 2.]

The bankruptcy court held a hearing on the Appointment Motion on August 1, 2022, but the hearing was continued so that the motion could be heard together with the hearing on the confirmation of Minesen's Second Amended Plan of Reorganization of the Debtor Pursuant to Chapter 11 of the Bankruptcy Code

_____

[6] Pangolin filed a joinder in the Minesen Statement on October 12, 2022. [Dkt. no. 32.]

11

("Second Amended Plan").[7]  See BK 19-849, Minutes for hearing

held 08/01/2022, filed 8/1/22 (dkt. no. 713); see also id.,

Second Amended Plan, filed 8/1/22 (dkt. no. 710).

      The bankruptcy court held a hearing on September 12,

2022, and both the Appointment Motion and the confirmation of

the Second Amended Plan were taken under advisement.  See

BK 19-849, Minutes for hearing held 09/12/2022, filed 9/12/22

(dkt. no. 745).  The bankruptcy court subsequently granted MWR's

Appointment Motion and approved Dane Field as the trustee of

Minesen's bankruptcy estate ("the Trustee").  See id., Order

Granting Motion to Appoint a Trustee, filed 10/3/22 (dkt.

no. 755) ("Appointment Order"); Order Approving Appointment of

Trustee, filed 10/12/22 (dkt. no. 767).  Minesen argues MWR's

Appointment Motion was granted for reasons other than the ones

that MWR cited in the motion.  [Minesen's Position Statement at

2.]

      The bankruptcy court scheduled a further hearing on

the Second Amended Plan for January 30, 2023.  See BK 19-849,

Notice of Hearing, filed 10/3/22 (dkt. no. 756).  The hearing

was later continued to April 3, 2023.  See id., Clerk's Notice,

filed 1/20/23 (dkt. no. 820).  MWR has objected to the

---

[7] The confirmation of the Second Amended Plan is the second
matter that MWR suggests warrants a continuance of the oral
argument on the appeals before this Court.

confirmation of Minesen's Second Amended Plan.  See id., MWR's
Objection to the Minesen Company's Amended Plan of
Reorganization of the Debtor Pursuant to Chapter 11 of the
Bankruptcy Code [Dkt. No. 710], filed 8/29/22 (dkt. no. 734).

MWR points out that the three arguments it has raised
in its objections to the confirmation of the Second Amended Plan
are also raised in the MWR Cross-Appeal.  [MWR Statement at 6-
7.]  MWR argues that, with the Trustee's involvement, the plan
may be reshaped and, if the parties can reach an agreement
regarding Minesen's reorganization, the instant appeals may
become moot.  [Id. at 7.]  However, MWR states that, if the
bankruptcy court confirms the Second Amended Plan, MWR "may file
an emergency motion to stay pending appeal and seek leave to
amend its cross-appeal briefing to both supplement the record as
to the previously raised arguments and to oppose plan
confirmation on the grounds not yet before this Court."  [Id.]

Minesen represents that the Second Amended Plan
complies with all of the Required Cures in the 11/17/21
Decision.  See Minesen Statement at 3.

## DISCUSSION

At the outset, the Court notes that each of the
parties has recognized a jurisdictional issue.  Both MWR and
Minesen point out that the 11/17/21 Decision was not intended to
be a final order.  See MWR Statement at 2-3 (citing MWR

13

Statement, Exh. 1 at 19:6-12);[8] Minesen Statement at 7 (same). The MWR Brief alluded to the possible lack of jurisdiction over Minesen's Appeal because the 11/17/21 Decision is not a final judgment or order, and MWR stated that, in filing the MWR Cross-Appeal and responding to Minesen's Appeal, MWR "does not waive its rights to seek dismissal of this appeal for lack of jurisdiction." [MWR Brief at 4 & n.1.] Pangolin noted "there is some indication that the [11/17/21] Decision may be an interlocutory order, and is being treated as such by the Bankruptcy Court." [Pangolin Brief at 1.] In response to the MWR Brief and the Pangolin Brief, Minesen also acknowledged that the bankruptcy court expressed doubts about whether the 11/17/21 Decision was an appealable final order and that the subsequent developments in BK 19-849 "may significantly impact the issues presented in this appeal." [Minesen Response Brief at 1.] Minesen therefore "reserve[d] the right to seek dismissal of this appeal for lack of jurisdiction or on any other applicable grounds." [Id.]

---

[8] Exhibit 1 to the MWR Statement is the Transcript of Motion for Relief from Memorandum Decision Hearing, held on June 13, 2022 in BK 19-849 ("6/13/22 Trans."). [Dkt. no. 30-1.] The hearing addressed MWR's motion seeking relief from the 11/17/21 Decision. See BK 19-849, MWR's Motion for Relief from the Court's Memorandum of Decision [Dkt. No. 505], filed 4/29/22 (dkt. no. 596) ("Motion for Relief from Decision").

No party has filed a motion to dismiss for lack of jurisdiction.  Nevertheless, this Court must *sua sponte* determine whether subject matter jurisdiction exits.  See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (stating that, because subject-matter jurisdiction "involves a court's power to hear a case," the federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" (quotation marks and citations omitted)).

Minesen originally argued that appellate jurisdiction under 28 U.S.C. § 158(a)[9] was proper because the 11/17/21 Decision was a final order approving the assumption of executory contracts.  See Minesen Brief at 3-4 (citing In re Victoria Station Inc., 875 F.2d 1380, 1382 (9th Cir. 1989)).  In that case, the Ninth Circuit stated: "A final order addressing the assumption of a lease pursuant to section 365(d)(4) is reviewable as a separate and discrete matter."  In re Victoria

---

[9] 28 U.S.C. § 158(a) states, in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

_Station Inc._, 875 F.2d 1380, 1382 (9th Cir. 1989) (citing _In re Victoria Station, Inc._, 840 F.2d 682, 683-84 (9th Cir. 1988)).[10]

        In _Victoria Station II_, the bankruptcy court approved the assumption and assignment of the lease on property owned by Willamette Waterfront, Ltd. ("Willamette"), and the Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court's order. 875 F.2d at 1381-82.  The Ninth Circuit affirmed.  _Id._ at 1386. There is no indication in _Victoria Station II_ that the order approving the assumption of the Willamette lease was conditional, like the 11/17/21 Decision is.

        _Victoria Station I_ is also instructive.  In that case, the Ninth Circuit held that it had jurisdiction over the BAP's order determining that the debtor's motion to assume the lease with lessor Robert Turgeon ("Turgeon") was untimely because the order decided a discrete issue.  _Victoria Station I_, 840 F.2d at 683-84.  The bankruptcy court ruled that the Turgeon lease was automatically rejected because of the untimely filing of the debtor's motion to assume the lease.  The BAP reversed the decision, ruling that the debtor's motion was timely under § 365(d)(4).  _Victoria Station I_, 840 F.2d at 683.

---

[10] 875 F.2d 1380 will be referred to as "_Victoria Station II_," and 840 F.2d 682 will be referred to as "_Victoria Station I_."

16

Similarly, In re Arizona Appetito's Stores, Inc.

("Appetito") involved a Chapter 11 debtor-in-possession's motion

to amend its prior motion to reject a ground lease and to allow

it to assume the lease.  893 F.2d 216, 217 (9th Cir. 1990).  The

bankruptcy court deemed the ground lease rejected because the

motion to amend was untimely, and the district court affirmed

the bankruptcy court's decision.  Id. at 217-18.  The Ninth

Circuit cited Victoria Station I when noting that the district

court had jurisdiction to review the bankruptcy court's order.

Id. at 218 (citing In re Victoria Station, Inc., 840 F.2d 682,

684 (9th Cir. 1988)).

Victoria Station I and Appetito do not support the

existence of jurisdiction over the appeals from the 11/17/21

Decision in the instant case.  "Both of those cases . . .

involved appellate review of **denials** of motions to assume as

untimely.  Thus, absent appellate review, the parties'

respective rights regarding their leases were fully resolved -

the leases were deemed rejected."  In re Treasure Isles HC,

Inc., 462 B.R. 645, 647 (B.A.P. 6th Cir. 2011) (emphasis in

original).  That is not the case with the 11/17/21 Decision.

The bankruptcy court **conditionally** granted Minesen's Assumption

Motion, contingent upon the completion of the Required Cures,

and the bankruptcy court set a further hearing "to address the

status of Minesen's cure."  [Minesen App'x 1 (11/17/21 Decision)

17

at PageID.311-12.]  This Court therefore concludes that the 11/17/21 Decision is not a final order or decree.

The bankruptcy court's post-appeal statements about the 11/17/21 Decision and the post-appeal proceedings in BK 19-849 also support this Court's conclusion.  During the June 13, 2022 hearing on MWR's Motion for Relief from Decision, the bankruptcy court stated:

> . . . Well, the first question in my mind has to be my own jurisdiction.  I don't think the notice of appeal, or the notices of appeal changed my jurisdiction because **I certainly didn't intend for the memorandum decision to be an appealable final judgment**.  It left a lot of issues open for further decision.  So it wasn't intended to wrap up all the issues related to the assumption or rejection of this contract.
>
> So I think I can go forward without regard to the appeal.  Even if the order were final, I think I still have jurisdiction to enforce that order, and that's essentially what's been going on all this time.  Getting the cures handled, to the extent they could be handled, and that's sort of what the order was intended to do to get -- **to see if the defaults could be cured and, if so, allow assumption of the contract.**

[MWR Statement, Exh. 1 (6/13/22 Trans.) at 19 (emphases added).] The bankruptcy court's statements indicate that the granting of the Assumption Motion would not become a final ruling until the Required Cures were completed.  That had not been done by the time that the instant appeals were taken.

Further, MWR's April 29, 2022 Motion for Relief from Decision sought reconsideration of, and relief from, the

11/17/21 Decision.  See BK 19-849, Motion for Relief from Decision at 10.  In that motion, MWR acknowledged that, since the 11/17/21 Decision was issued, "the parties have discussed Minesen's progress towards compliance with the Court during three status conferences held on January 24, 2022, March 7, and March 28."  [Id. at 2.]  These subsequent proceedings also indicate that neither the parties nor the bankruptcy court treated the 11/17/21 Decision as a final order or decree.

Because the bankruptcy court's 11/17/21 Decision was not a final judgment, order, or decree, the parties' appeals must be dismissed because this Court lacks subject matter jurisdiction over them.  See 28 U.S.C. § 158(a)(1).  This Court makes no findings or conclusions regarding the merits of the appeals.

**CONCLUSION**

For the foregoing reasons, Minesen's appeal from the bankruptcy court's November 17, 2021 Memorandum of Decision Regarding Assumption of Executory Contracts and Leases, transmitted on December 2, 2021, and MWR's and Pangolin's respective cross-appeals from the 11/17/21 Decision, both transmitted on December 15, 2021, are HEREBY DISMISSED.  The Clerk's Office is DIRECTED to close this case on **March 14, 2023**, unless a timely motion for reconsideration of the instant Order is filed.

19

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 27, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

THE MINESEN COMPANY VS. ARMY MORALE, WELFARE, AND RECREATION
FUND, ET AL.; CIV. NO. 21-00478 LEK-WRP; ORDER DISMISSING
APPEALS FROM THE BANKRUPTCY COURT'S MEMORANDUM OF DECISION
REGARDING ASSUMPTION EXECUTORY CONTRACTS AND LEASES